# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **WILKINS BUICK, INC.** | * |
| **And** | * |
| **WILKINS SUBARU, LLC** | * |
| **6913 Ritchie Highway** | * |
| **Glen Burnie, Maryland 21061** | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | *   Civil Action No. |
| | * |
| **GENERAL SECURITY INDEMNITY** | * |
| **COMPANY OF ARIZONA** | * |
| **199 Water Street** | * |
| **New York, New York 10038** | * |
| | * |
| **SERVE ON:** Alfred W. Redmer, | * |
| Insurance Commissioner | * |
| Maryland Ins. Commission | * |
| 200 St. Paul Place | * |
| Suite 2700 | * |
| Baltimore, MD 21202 | * |
| | * |

\* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs, Wilkins Buick, Inc. and Wilkins Subaru, LLC (collectively, "Wilkins") by and through undersigned counsel, bring this civil action against General Security Indemnity Company of Arizona ("General Security"), and allege as follows:

## PARITIES AND JURISDICTION

1. Plaintiffs Wilkins Buick, Inc. is a corporation organized under the laws of Maryland.

2. Wilkins Subaru, LLC is a limited liability company organized under the laws of Maryland.

3. Wilkins maintains their principal places of business in Anne Arundel County,

1

Maryland at 6913 Ritchie Highway, Glen Burnie, Maryland 21061.

4. General Security is an insurance company, organized under the laws of Arizona and maintains its principal office in New York, New York.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(c) based on complete diversity of citizenship between the Plaintiffs and Defendant and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because the events giving rise to Wilkins' claims occurred in this judicial district.

## CHOICE OF LAW

7. This Court must apply the substantive law of Maryland in resolving the instant action because Wilkins' claims arise from an insurance policy issued and delivered to Wilkins, Maryland entities, by General Security, in Maryland and because the breaches and wrongful actions alleged occurred in Maryland.

## FACTS

8. Wilkins owns and operates automobile dealerships located at 6913 Ritchie Highway, Glen Burnie, Maryland ("Wilkins Property").

9. On or about September 1, 2017, General Security issued and delivered to Wilkins an Automobile Physical Damage Policy No. 26444-00026-01 (hereinafter, the "Policy"). A copy of the Policy is attached as Exhibit A.

10. In Section IIA of the Policy, General Security agreed to pay "for loss to a covered vehicle or its equipment under Comprehensive Coverage", including "weather loss". The Policy (Section I U) defines "weather loss":

> **Weather loss** means any and all causes of loss due to a weather condition including, but not limited to hail, windstorm,

        **water damage**, sandstorm, weight of snow or ice, tornado, hurricane, tropical storm, tropical depression and rain.

11. On or about May 12, 2018, a storm of rain, hail and high winds blew over Wilkins' Property, and caused direct and accidental damage to covered vehicles owned by Wilkins.

12. Wilkins gave timely notice of the weather loss to General Security.

13. General Security engaged North American Rise Services, Inc. ("NARS") to represent it in adjusting the weather loss. Either General Security or NARS retained "CAT APPRAISALS" to inspect and approve the weather damage to Wilkins' vehicles.

14. Wilkins retained a licensed public adjuster, Anthony Cope, to assist in determining the weather damages to its vehicles.

15. On or about May 18, 2018, the adjusters for Cat Appraisals and Wilkins began inspecting and estimating weather damage to Wilkins vehicles. Between May 18, 2018 and May 22, 2018, the adjusters inspected and agreed on the damages and scope of repair work for 130 vehicles.

16. The Scope of Work for these 130 vehicles consisted of Paintless Dent Repair ("PDR"); Body Shop Parts; Body Shop Labor and Glass. The loss for these 130 vehicles totaled $1,013,043.48.

17. On or about May 22, 2018 a new NARS Insurance Adjuster named Renee Galipo appeared on the scene. On or about May 23, 2018, Ms. Galipo instructed the CAT appraiser to eliminate Glass from the Scope of Work and to ignore damage on the sides of vehicles.

18. On May 23 and May 24, 2018, representatives of Wilkins, NARS and CAT Appraisals identified an additional 133 vehicles that sustained weather damage, but the adjuster engaged by Wilkins was not permitted by Ms. Galipo to participate in the determination of the Scope of Work for those vehicles.

19. On or about May 25, 2018, representatives of CAT Appraisals and Ms. Galipo left Wilkins without providing any further information regarding Scope of Work, estimates of damage or repair costs. The representatives never returned.

20. On July 13, 2018, General Security, through counsel, extended to Wilkins a formal offer of $437,529.21 in exchange for a full and final release of all claims associated with the weather loss. Wilkins rejected this offer, through its counsel, by letter dated August 20, 2018.

21. On October 24, 2018, General Security, through counsel, tendered a check in the amount of $437,529.21 "for the undisputed damages arising from this claim." The insurer advised "that these amounts we tendered with the express reservation on behalf of the insurer to seek a return of said funds in the event there is a basis to disclaim coverage in accordance with the terms of the policy.

22. On October 30, 2018, Wilkins, through its attorney, acknowledged receipt of the check for $437,529.21. Wilkins' attorney responded: "Since this sum is "tendered for the undisputed damages arising from this claim," my client and I believe there is no basis to disclaim coverage and that reserving the right to a return of those undisputed funds is further evidence of the insurer's lack of good faith in resolving this claim. Such reservation of rights is rejected."

23. Although Wilkins has been paid $437,529.21 for its undisputed damages, said sum has not fully compensated Wilkins for its covered loss due to weather damage.

## COUNT I
### (Breach of Insurance Contract)

24. Wilkins incorporates by reference and re-alleges the allegations in the preceding paragraphs as if fully set forth.

25. General Security has breached the Policy by failing to fully compensate Wilkins for

loss to its vehicles as a result of the hail storm and wind which occurred on or about May 12, 2018.

WHEREFORE, Wilkins claims damages in excess of $75,000, plus pre-judgment interest and costs.

## COUNT II
### (Pre-Judgment Interest)

26. Wilkins incorporates by reference and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

27. General Security knew or should have known by May 25, 2018 that Wilkins had sustained weather loss in an undisputed amount of $437,529.21. Nevertheless, General Security did not pay Wilkins that undisputed sum until October 24, 2018.

28. General Security breached its duty to pay Wilkins the undisputed portion of its weather loss in a timely manner.

WHEREFORE, Wilkins claims pre-judgment interest at the rate of 6% per annum from May 25, 2018 to October 24, 2018 ($10,938.22), plus costs.

## COUNT III
### (Bad Faith Md. Code, Courts & Jud. Proc. Art. § 3-1701)

29. Wilkins incorporates by reference and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

30. In limiting its untimely payment for Wilkins' weather loss to $437,529.21, General Security failed to act in good faith in that it did not make an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on the claim.

31. Specifically, the General Security adjuster, NARS (Renee Galipo), instructed CAT

Appraisals not to consider glass damages and other weather damage to Wilkins vehicles, even though the CAT Appraiser, in good faith, had included such damage within the Scope of Work on the first 130 vehicles inspected.

32.  Further, General Security, ignored or reduced damage appraisals which it obtained from CAT appraisals.

33.  The Policy limit for Comprehensive Coverage is $13,000,000.  Therefore, Wilkins asserts direct action for bad faith against General Security.

WHEREFORE, Wilkins claims damages for its litigation costs and attorneys fees in pursuing the claims in this litigation.

Respectfully submitted,

/s/
Jonathan A. Azrael (Bar No. 01630)
jazrael@azraelfranz.com
John R. Solter, Jr. (Bar No. 27483)
jsolter@azraelfranz.com
Azrael, Franz, Schwab, Lipowitz & Solter, LLC
101 E. Chesapeake Avenue, 5th Floor
Baltimore, Maryland 21286
410-821-6800
*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury pursuant to FED. R. CIV. P. 38 on all triable issues.

/s/
Jonathan A. Azrael